**STATE of North Dakota, Plaintiff and Appellee,**

v.

**William James SATROM, Defendant and Appellant.**

**Cr. No. 940136.**

Supreme Court of North Dakota.

Nov. 16, 1994.

**93**

Constance L. Cleveland, Asst. State's Atty., Fargo, for plaintiff and appellee.

Robin L. Olson (argued), Evans & Olson, Grand Forks, and Brian W. Nelson (on brief), Nelson Law Office, Fargo, for defendant and appellant.

VANDE WALLE, Chief Justice.

William Satrom appealed from a judgment of conviction entered upon a jury verdict finding him guilty of driving under the influence of intoxicating liquors. Because the jury was allowed to hear impermissible evidence concerning Satrom's statement of refusal to take a chemical test, we reverse and remand for a new trial.

Just before three o'clock in the morning of November 20, 1993, Trooper Duane Stanley heard the screeching of tires and observed a car swerving on an exit ramp from Interstate 29 in Fargo. While following the car with his patrol lights activated, Stanley observed that the car had expired license tabs. The car came to a stop in the Holiday Inn parking lot. When Stanley approached the car, he noticed that the driver, William Satrom, had a strong odor of alcohol on his breath and

that Satrom's "eyes were red, watery, and bloodshot." When Satrom was unable to produce evidence of the car's registration, Stanley asked Satrom to accompany him to the patrol car.

According to Stanley's testimony, on the way to the patrol car Satrom said, "I guess I'm in trouble, huh?" Stanley indicated that he did not know but that he could smell alcohol. When Stanley asked Satrom how much he had to drink, Satrom stated that he had "four or five drinks." Once Satrom was seated in the front seat of the patrol car, he was again asked about his drinking. Trooper Stanley noticed that Satrom was unable to tie his shoe. He asked Satrom to step outside and perform a series of field sobriety tests. After the tests, he placed Satrom under arrest and transported him to the police station. Satrom refused to take a breath "intoxilyzer" test.

Satrom argues that his statement that he had "four or five drinks" should have been excluded at trial because he had not been given the *Miranda* warnings. However, *Miranda* warnings are required only when a suspect is in custody and being interrogated. *See, e.g., State v. Fields*, 294 N.W.2d 404 (N.D.1980). Before trial, the parties stipulated to the fact that Satrom was not in custody when these statements were made. The facts support the stipulation. The statements were properly admitted into evidence.

During trial, the State made the following line of inquiry of Trooper Stanley:

"Q. Did you ask Mr. Satrom to perform a breath test to determine blood alcohol concentration?

A. Yes, I did.

Q. And what test did you request him to provide?

A. An intoxilyzer test.

Q. Did he agree to provide a sample for that test?

A. No, he did not.

Q. Did he make any specific statement with regard to that?

A. When asked if he would take the test he said, no, he didn't want to."

In *State v. Beaton*, 516 N.W.2d 645, 648 (N.D.1994), we held that in order to secure the privilege against self-incrimination afforded by Art. I, § 12, N.D. Const.,

"in criminal prosecutions for driving or being in actual physical control of a motor vehicle while under the influence of intoxicating liquor in violation of § 39–08–01, N.D.C.C., if the defendant was not given the *Miranda* warnings, § 39–20–08, N.D.C.C., must be literally and narrowly construed to make only the fact of refusal, not the defendant's statements of refusal, admissible in evidence."

We conclude that by asking whether he made "any specific statement with regard to" his refusal, the State went beyond what § 39–20–08 allows. *Beaton* requires that the statute be "literally and narrowly construed." Any questions on direct examination regarding refusal to take a chemical test must be limited to the fact of refusal. Thus, the proper line of questioning should have consisted of only one question, "Did he refuse?", and one answer, "Yes."

Therefore, we reverse William Satrom's conviction for driving under the influence and remand for a new trial which excludes evidence of his statement of refusal.

MESCHKE and NEUMANN, JJ., concur.

SANDSTROM, J., concurs in the result.

LEVINE, J., concurs with opinion.

LEVINE, Justice, concurring.

Having made my point in *State v. Beaton*, 516 N.W.2d 645, 650–651 (N.D.1994), (Levine J., dissenting) and believing that "once is enough," I concur in the majority opinion.